UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AL-MALIK FRUITKWAN SHABAZZ
f/k/a/ EDWARD LEVI SINGER,

    v.

UNITED STATES OF AMERICA.

No. 3:12-CV-1825 (SRU)

## RULING AND ORDER

On December 16, 2013, I denied Al-Malik Fruitkwan Shabazz's motion to vacate judgment, petition for writ of habeas corpus, and motion for relief from judgment. *See* doc. # 21. Shabazz now seeks reconsideration of that decision.

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

Shabazz seeks reconsideration of the court's ruling concerning whether this court had subject matter jurisdiction over his case, and whether his prior convictions were a proper basis

for the application of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") to his sentence.  Shabazz's motion is without merit because it fails to assert any permissible ground for reconsideration.  There has been no relevant intervening change in the law, no new evidence is available, and there is no need to correct a clear error of law or prevent manifest injustice.  Rather, Shabazz's motion is simply a reassertion or repackaging of arguments he raised in his initial petition and motions.

Shabazz asserts that I overlooked his challenge of this court's jurisdiction to sentence him.  Mot. for Reconsid., at 3-4 (doc. # 29).  That argument is based on Shabazz's belief that he was charged for having violated an "invalid law," which made the indictment improper, and, therefore, did not give the court subject matter jurisdiction over his case.  Shabazz does not indicate what "invalid law" he is referring to.  I assume that he is arguing that because he was not formally charged with an ACCA predicate when he was convicted by the jury in this case, the enhancement he received was invalid.  Not only is his conclusion that the court lacks subject matter jurisdiction a non sequitur, but I addressed that argument in my order denying his petition and motions, stating simply that Shabazz "presented no valid argument challenging this court's jurisdiction when it entered judgment against him."  Order, at 3 (doc. # 21).  To avoid any further confusion: Shabazz has presented no valid argument challenging this court's jurisdiction when it tried him, sentenced him, or considered the imposition of the ACCA sentencing enhancement.

Shabazz also argues that he is "actually innocent" of being a career offender.  Although Shabazz did not clearly raise that argument in his initial petition or motion and it is in many ways merely a reformulation of arguments already raised, I will address it here briefly.  Even assuming arguendo that: (1) Shabazz is raising the issue on his motion for reconsideration as an "intervening change of controlling law," (2) Shabazz is arguing that his third degree burglary

conviction is not necessarily an ACCA predicate, pursuant to my decision in *United States v. Alvarado*, Case No. 3:11-cv-194-SRU, 2013 WL 662659 (D. Conn. Feb. 25, 2013), and (3) *Alvarado* is an "intervening change of controlling law," Shabazz's argument is moot. As stated in the Order, Shabazz has at least five other prior convictions that would qualify as ACCA predicates,[1] and the jury *in this case* was not required to find that he had committed any of the prior violent felonies in order for this court to apply the ACCA sentencing enhancement. (doc. # 21).

Accordingly, Shabazz's motion for reconsideration (doc. # 29) is **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 2nd day of June 2014.

                                               /s/ Stefan R. Underhill
                                              Stefan R. Underhill
                                              United States District Judge

---

[1] The Order described those five prior convictions as "i.e., first and second degree *burglary*." Order at 3 (doc. # 21) (emphasis added). Those convictions are for first and second degree *robbery*.